1
2
3
4
5
6
7               UNITED STATES DISTRICT COURT

8               EASTERN DISTRICT OF CALIFORNIA
                        Sacramento Division
9

10  UNITED STUDENT AID FUNDS, INC.  )        No. Civ. 2:10-CV-701-WBS-JFM
                                     )
11                                   )        CONSENT DECREE/JUDGMENT
                    Plaintiff,       )
12                                   )
    v.                               )
13                                   )
    DSS IHSS SYSTEM PAYROLL,         )
14                                   )
                    Defendant.       )
15  _____ )        Courtroom: 5

16          GOOD CAUSE APPEARING, ITS IS HEREBY ORDERED, ADJUDGED AND

17  DECREED AS FOLLOWS:

18  1.    The Court has jurisdiction over this student loan garnishment case pursuant to the

19        Higher Education Action of 1965 and the Federal Family Education Loan Program.

20        See 20 U.S.C. §§ 1071(a), 1085(d), 1095(a)(6); see also 34 C.F.R.

21        682.410(b)(10)(I)(F).

22  2.    Defendant DSS having acknowledged that as required by the foregoing statutory

23        provisions, between November 22, 2009 and April 14, 2010, it failed to withhold

24        (15%) of the disposable pay of the borrower at issue, (Behzad Azadi) namely, 15% of

25        $6,602.20 or $990.33, plus unpaid interest in the amount of $41.50  (the "Arrearage"),

26        Defendant DSS shall pay to USA as follows:

27        a     Lump Sum Payment:   DSS shall to remit to USA Funds $3,256.88 on or

28              before August 20, 2010 in the form of a Cashier's Check/Treasurer's Check,

1               Money Order, Attorney Escrow Account check, or other form of guaranteed

2               funds made payable to Fox Rothschild, LLP, attorneys for United Student Aid

3               Funds and delivered to Brett A. Berman, Esquire, Fox Rothschild LLP, 2000

4               Market Street, Tenth Floor, Philadelphia, PA 19103.  This sum is comprised of

5               the "Arrearage" plus statutory attorneys fees totaling $1,777 and recoverable

6               litigation costs totaling $448.05;

7      b.    Future Sum Payments:   DSS shall withhold from the wages of employee,

8               Behzad Azadi and pay to USA Funds 15% of the borrower's disposable

9               commencing April 14, 2010 until said debt is satisfied or his employment

10             terminates, whichever is sooner.

11     d.    Payments for future garnishments shall be by check, in guaranteed

12             immediately available funds, made payable to  "Allied Interstate Inc." and

13             delivered to Allied Interstate, Inc. SLS Division 12755 Highway 55 Suite 300

14             Plymouth MN 55441 unless USA Funds shall notify DSS in writing of another

15             address or addressee to which payments are to be sent. DSS shall notify USA

16             Funds in writing of any changes to its addresses and telephone numbers.  The

17             checks shall include Behzad Azadi's name and Social Security Number.

18  3.    Any notice required shall be in writing; delivered to such party by hand or by any form

19        of United States Mail or commercial courier service as provides a written receipt of

20        delivery; effective upon receipt; and addressed to the Party as follows (unless that

21        Party shall in the interim have given notice that such notices shall be delivered to a

22        different address):

23     a.    SallieMae, Inc.

24             11100 USA Parkway

25             Fishers, Indiana 46038

26     with a copy to:

27             Brett A. Berman, Esquire

28             2000 Market Street

Tenth Floor

Philadelphia, Pennsylvania 19103

4.     A failure or forbearance by USA Funds to act upon a Default or otherwise to enforce the terms of this Agreement shall not constitute a waiver of that term or the right to enforce that term.

5.     Pursuant to 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 305, the Magistrate Judge shall retain jurisdiction over all disputes between and among the parties arising out of the settlement agreement, including but not limited to interpretation and enforcement of the terms of the settlement agreement.  Should such proceedings be instituted, the prevailing party shall be entitled to an award of actual attorneys fees and costs pursuant to 20 U.S.C. § 1095(a)(6).

IT IS SO ORDERED.

Dated:  June 22, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE